### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK ALLEN EDWARDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-09-257-HE |
| ) | |
| **PAYNE COUNTY SHERIFF'S** ) | |
| **OFFICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has filed this civil rights action asserting claims for alleged violations of his constitutional rights while he was incarcerated at the Payne County Jail. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed without prejudice for failure to comply with this Court's order.

At the time this action commenced, Plaintiff was a prisoner incarcerated at the Creek County Jail. *See* Complaint [Doc. No. 1]; Amended Complaint [Doc. No. 7]. The Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to pay an initial partial filing fee of $6.99. [Doc. No. 9]. Plaintiff made his initial partial payment of $6.99 on April 14, 2009. [Doc. No. 11].

On May 21, 2009, Plaintiff filed a notice of change of address, informing the Court of a new mailing address: 1896 S. 497th W. Ave., Jennings, Oklahoma 74038. [Doc. No.

15]. Based on Plaintiff's apparent release from custody, the undersigned entered an Order on May 22, 2009, directing Plaintiff to submit an updated application to proceed *in forma pauperis*. [Doc. No. 16]. On June 4, 2009, the Court *sua sponte* entered an order granting Plaintiff an extension of time until June 15 to comply with the May 22 Order. [Doc. No. 18]. Both orders advised Plaintiff that the failure to timely comply could result in dismissal of this case. As of this date, Plaintiff has not filed a new application to proceed *in forma pauperis* as directed by the Court, shown cause for his failure to do so, or requested an extension of time.

The Tenth Circuit has explained: "Leave to proceed without prepayment of fees and costs is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer serves its goals." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir.1996) (citations omitted). For this reason, the Tenth Circuit has held "that when a litigant's financial condition improves during the course of the litigation, the district court may require him to pay fees and costs." *Id.* (citations omitted). Plaintiff's failure to comply with the Court's orders makes it impossible for the Court to reexamine his *in forma pauperis* status in this case.

In addition, the June 4 order which was mailed by the Court to Plaintiff at the address most recently provided by him were returned marked "Not Deliverable as Addressed, Unable to Forward." [Doc. No. 22]. On June 11, 2009, Defendants filed a "Notice to the Court," advising the Court that the copy of the entry of appearance mailed to Plaintiff at the address he most recently provided to the Court was returned by the postal service unopened and

labeled "return to sender, not deliverable unable to forward." [Doc. No. 21]. Thus, the record reflects that Plaintiff has failed to provide the Court with an accurate address as required by LCvR 5.4(a). The fact that Plaintiff is acting pro se does not eliminate his responsibility to comply with this Court's rules. *See Theede v. U.S. Dept. of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999).

Under these circumstances, it is recommended that Plaintiff's action be dismissed, without prejudice to refiling, for failure to comply with the Court's orders. *See Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982) (*per curiam*) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)) (a district court may dismiss a case *sua sponte* for want of prosecution); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed by court rules.").

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge, that Plaintiff's action pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failure to comply with this Court's orders. Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 7th day of July, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United*

*States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 17th day of June, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE